IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| 5 JENKINS ROAD, CHESAPEAKE, MD, | * | |
| Defendant, | * | |
| | * | |
| and | * | CIVIL NO. L-02-3697 |
| | * | |
| WAYNE M. BYERLY | * | |
| Claimant, | * | |
| | * | |
| and | * | |
| | * | |
| GMAC MORTGAGE CORPORATION, | * | |
| Claimant. | * | |

...ooOoo...

## GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, the United States of America, through undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves for summary judgment on the issues of forfeitability of the defendant property because there is no genuine dispute as to any material fact and the undisputed facts entitle the government to judgment as a matter of law. The reasons for this motion are more completely set forth in the accompanying Memorandum in Support of the Government's Motion for Summary Judgment.

                                                                Respectfully submitted,
                                                                 Thomas M. DiBiagio
                                                                 United States Attorney

                                                                 _____
                                                                Richard C. Kay
                                                                Assistant United States Attorney

RCK:jenkins road\msj

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# Northern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **5 JENKINS ROAD, CHESAPEAKE, MD,** | * | |
| Defendant, | * | |
| | * | |
| and | * | CIVIL NO. L-02-3697 |
| | * | |
| **WAYNE M. BYERLY** | * | |
| Claimant, | * | |
| | * | |
| and | * | |
| | * | |
| **GMAC MORTGAGE CORPORATION,** | * | |
| Claimant. | * | |

...ooOoo...

## MEMORANDUM IN SUPPORT OF THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, the United States of America, based upon (1) the annexed Declaration of Maryland State Police Detective-Sergeant Brian Reider, and (2) the annexed plea agreement signed by the claimant Wayne Byerly, submits that it has established that the defendant property at 5 Jenkins Road was used and was intended to be used to commit and to facilitate the commission of a drug felony in violation of 21 U.S.C. section 841. Consequently, the defendant property is forfeitable to the United States of America pursuant to 21 U.S.C. section 881(a)(7). Based on this demonstration, the government moves the Court for an order granting summary judgment

-1-

as to the issue of the forfeitability of the property.

Because claimant Wayne Byerly has entered a plea of guilty in Cecil County to knowingly possessing marijuana with intent to distribute, he is not entitled to an innocent owner defense, and the government requests an order granting summary judgment in favor of the government on this potential affirmative defense as well.

The government has entered into a Stipulated Expedited Settlement Agreement with the claimant/lienholder GMAC Mortgage Corporation ("GMAC"), a copy of which is annexed hereto as **Exhibit C,** and in that agreement has recognized GMAC as an innocent lienholder. Consequently, there are no remaining disputed issues as to GMAC, and the government respectfully requests that the order of summary judgment include this recognition in favor of GMAC.

### Summary of Facts

As is indicated in the Reider Declaration that is annexed hereto as **Exhibit A**, and which was incorporated by reference in the Verified Complaint, police task force officers observed and videotaped the claimant, Wayne Byerly, as he tended to a crop of marijuana growing illegally in Cecil County. The officers subsequently executed a search warrant at the defendant property on September 29, 2002. Claimant Byerly was present at the residence when the search warrant was executed. According to the Reider Declaration, there was a substantial amount of marijuana

debris in the attic, including some marijuana in a large trash can and in a plastic bag, indicating that the attic had been used to dry marijuana plants.  Exhibit A at 5.

Police also found a dormer area behind a bedroom wall that contained another large trash can containing more than four pounds of dried marijuana.  The bedroom also had containers of marijuana seeds, a plastic bag of processed marijuana, and photographs of a marijuana grow operation.  Exhibit A at 5-6.

Police also searched the basement of the defendant property and found three digital scales and a cooler containing marijuana. A shed on the property also was found to contain four freshly cut marijuana plants and another plant drying.  Police also found stakes and wire similar to stakes and wire that were used to hold marijuana plants erect at a nearby marijuana grow location where they had earlier observed and videotaped Byerly working.  Exhibit A at 6.

During the execution of the search warrant, Byerly admitted to police that he had grown marijuana and had sold it.  Exhibit A at 7.

Byerly was charged in Cecil County with several related drug offenses in connection with the search of 5 Jenkins Road.  On April 10, 2003, claimant Byerly entered a plea of guilty in case number 7-K-02-1159 to knowingly possessing marijuana under circumstances indicating an intent to distribute.  A copy of the plea agreement,

signed by claimant Byerly, is annexed hereto as **Exhibit B**. The claimant's signature appears at the middle of page 4 of the plea agreement. Exhibit B at 4.

Thus, the exhibits demonstrate that the claimant, Wayne Byerly, used the defendant property, 5 Jenkins Road, to process and to prepare marijuana to sell to others. Consequently, the defendant property was used and was intended to be used to commit and to facilitate the commission of a drug trafficking offense and is, therefore, forfeitable. The same exhibits demonstrate that the claimant is not entitled to an innocent owner status.

### **ARGUMENT**

Because claimant Byerly has pled guilty to possession with intent to distribute marijuana at the defendant property, the government is entitled to summary judgment on the issues of forfeitability and innocent ownership. In Anderson v. Liberty Lobby, Inc., the Supreme Court stated as follows:

> the inquiry involved in a ruling on a motion for summary judgment ... necessarily implicates the substantive evidentiary standard of proof that would apply to the trial on the merits.

477 U.S. 242, 252 (1986). The burden of proof in civil forfeiture cases requires that the government establish by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. section 983(c)(1). Thus, in accordance with Liberty Lobby, this summary judgment motion must be guided by that standard. See United States v. Leak, 123 F.3d 787, 793 (4th Cir. 1997).

-4-

Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A material fact is in dispute when its existence or non-existence could lead a jury to different outcomes. Anderson, 477 U.S. at 248. A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party. Id.

The Court must view the evidence in the light most favorable to the non-moving party. Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996). However, mere speculation by the non-moving party cannot create a genuine issue of material fact. Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

This is a civil forfeiture case initiated by the filing of a verified complaint filed pursuant to 18 U.S.C. section 983(a)(3)(A) and pursuant to Rule C(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The complaint alleges that the property is forfeitable as follows:

> The defendant property was used and was intended to be used to commit and to facilitate the commission of a violation of 21 U.S.C. section 841, and, therefore, should be forfeited to the United States of America pursuant to 21 U.S.C. 881(a)(7).

Thus, the complaint alleges that the defendant property was used to facilitate drug trafficking.

    A.    <u>There is no genuine dispute that the property was used to facilitate drug trafficking.</u>

The government must show by a preponderance of the evidence that the defendant property is forfeitable pursuant to 21 U.S.C. section 881(a)(7), which provides in pertinent part as follows:

    (a)    The following shall be subject to forfeiture ...

              *        *        *

    (7) All real property, including any right, title, and interest ... in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

In order to prevail on this ground, the government must offer admissible evidence that shows that the defendant property was used to facilitate a drug trafficking felony.

As is mentioned above, the Reider Declaration establishes that marijuana was found in various parts of the house, that the attic and shed were used as a marijuana drying and processing operation, that one bedroom was used as a marijuana storage location and a place to keep marijuana seeds, and that the basement was used to weigh and process the marijuana for sale. <u>Exhibit A</u> at 5-6.

The Reider Declaration establishes that triple beam scales were found in the basement of the defendant property, and this item alone allows a fair inference that marijuana was weighed for sale at the defendant property. There is, therefore, substantial evidence that the defendant property was used to facilitate

marijuana manufacturing, processing, and trafficking. The manufacturing of marijuana and the possession of marijuana with intent to distribute it both constitute drug felonies under 21 U.S.C. section 841(a)(1).

The Declaration also establishes that claimant Byerly admitted that he was in the business of growing, processing, and selling marijuana. <u>Exhibit A</u> at 7; <u>Exhibit B</u> at 2. Consequently, the inferences of drug manufacturing and trafficking that can be drawn from the tangible evidence mentioned above that was found in the defendant property are completely supported by the defendant's own admissions.

In sum, there are a number of specific items of evidence that are set out in the record that tend to prove that the defendant property is forfeitable because it was used to facilitate the manufacturing and trafficking in marijuana. It is the aggregate of such circumstantial and direct evidence that provides the basis for a conclusion that the defendant property is forfeitable. <u>United States v. Thomas</u>, 913 F.2d 1111, 1115 (4th Cir. 1990).

For property to be forfeitable under section 881(a)(7), there must be a "substantial connection" between the property and the underlying criminal activity. 18 U.S.C. section 983(c)(3). <u>United States v. Schifferli</u>, 895 F.2d 987, 989 (4th Cir. 1990); <u>United States v. 26.075 Acres Located in Swift Creek Township</u>, 687 F.Supp. 1005 (E.D.N.C. 1988). "At minimum, the property must have more

than an incidental or fortuitous connection to criminal activity." Schifferli, 895 F.2d at 990. "The term 'facilitate' implies that the property need only make the prohibited conduct 'less difficult or more or less free from obstruction or hindrance.'" Id. "Just one use of the property may be enough...." Id.

Based on these undisputed facts showing that the defendant real property was used to dry, process, and distribute marijuana, and that the basement, bedroom, attic, and shed had been extensively and specially used for this activity, there can be no serious dispute that there was a substantial connection between the property and the underlying criminal activity. United States v. Char-Nor Manor Blvd., 922 F.Supp. 1065, 1068 (D.Md. 1996)(Legg, J.). Consequently, the government is entitled to judgment as a matter of law.

> B.  The claimant cannot provide evidence to rebut the government's proof that the property is forfeitable.

"[T]he government cannot prevail on summary judgment if the [claimant] offers a reasonable and legitimate explanation ... and the explanation is verified by facts and circumstances which, if believed, would enable a rational jury to conclude by a preponderance of the evidence that [forfeiture is not warranted]." United States v. Leak, 123 F.3d 787, 793 (4th Cir. 1997). Here, the claimant cannot offer "a reasonable and legitimate explanation" for the extensive marijuana manufacturing, processing, and distribution evidence that was found at the defendant property. Indeed, as is

demonstrated in the exhibits that are attached, the claimant not only admitted to the police officers that he was growing, processing, and selling marijuana, <u>Exhibit A</u> at 7, but, as is demonstrated by Exhibit B, he signed a plea agreement admitting that he "knowingly possessed marijuana [at the defendant property] under circumstances indicating an intent to distribute" it. <u>Exhibit B</u> at 2. Therefore, the claimant cannot seriously contest the forfeiture basis in this case; there is no dispute as to any material fact; and the government is entitled to judgment as a matter of law.

    C.   <u>The claimant cannot prove an affirmative defense of innocent ownership.</u>

In addition to an inability to defend against the forfeiture of the defendant property, the claimant cannot make a credible effort towards an innocent owner defense. Moreover, because claimant Byerly, in his Claim, has simply asserted a general denial of the complaint allegations, it is not at all clear that he has properly asserted an innocent ownership affirmative defense.

According to 18 U.S.C. section 983(d), "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." In order to succeed on this affirmative defense, however, the claimant must allege and prove by a preponderance of the evidence that he did not know of the conduct giving rise to the forfeiture, or that he did all that reasonably could be expected to terminate such use of the property. 18 U.S.C.

section 983(d)(2).  Because the claimant made no such allegation of innocence in any pleading, he has not properly alleged a basis for the affirmative defense in this case.

More to the point, however, is the fact that the claimant admitted that he manufactured and processed marijuana at the defendant property and he also signed a guilty plea agreement to a charge that he possessed marijuana at the defendant property under circumstances indicating an intent to distribute it.  Therefore, the claimant cannot possibly provide testimony that he did not know about or consent to the illegal use of the property, and it is settled in the Fourth Circuit that someone claiming an innocent owner defense bears the burden of alleging and proving exactly that. United States v. Thomas 913 F.2d 1111, 1114 (4th Cir. 1990). Consequently, he cannot possibly make an innocent owner defense based on the record.

As the Supreme Court made clear in Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 689 (1974), an innocent owner should prove "that he had done all that reasonably could be expected to prevent the proscribed use of his property...." It is this requirement that is now codified in section 983(d)(2).  The claimant must, therefore, allege and prove that he took all reasonable steps to prevent the manufacture, processing, and distribution of marijuana at the defendant property.  If the claimant has not alleged or offered evidence to meet this burden,

then the interests of the claimant should be forfeited on summary judgment.

In sum, the record contains substantial evidence proving that the defendant property was used to manufacture and distribute marijuana, and it contains no evidence that it was not so used. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "If there [is] no genuine factual issue as to whether the [defendant property] was linked to an exchange involving illegal narcotics, summary judgment [is] proper." United States v. $31,990 in U.S. Currency, 982 F.2d 851, 854 (2d Cir.1993). Because there is no genuine issue as to any material fact, and the undisputed facts entitle the government to judgment as a matter of law, summary judgment should be granted in favor of the government and against the claimant.

  D. The innocent lienholder's interests are
    addressed and there are no other claimants.

Land records for Cecil County indicate that claimant Byerly is the sole owner of the defendant property and that a lien is recorded on behalf of GMAC Mortgage Corporation ("GMAC"). As is mentioned above, the government and GMAC have entered into an agreement in which the government recognized GMAC as an innocent lienholder. A copy of that agreement is annexed hereto as **Exhibit C.** In that agreement, the government has agreed to pay GMAC any

unpaid principal, interest, and casualty insurance premiums at the time of the sale of the defendant property.  Exhibit C at 1-2 paragraph 2.  GMAC has agreed that those payments shall settle all of its interests in the defendant property. Exhibit C at 2 paragraph 3.

Notice of the pendency of this forfeiture was published in the Cecil Whig, a newspaper of general circulation in the Cecil County area, on or about December 6, 2002, pursuant to Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims, and pursuant to Local Admiralty Rule (c)(2).  A copy of the advertising certification is annexed hereto as **Exhibit D**.  No claimant, other than Wayne Byerly and GMAC, has come forward within the time allotted by law for the filing of claims, which is within thirty (30) days of the service of process or of publication.  18 U.S.C. section 983(a)(4)(A).  Consequently, the interests of all known claimants have been addressed by this motion.

## Conclusion

Based on the record, the Court can and should find (1) that the government has shown that the defendant property was used to commit and to facilitate the commission of drug felonies; (2) that claimant Byerly has not produced evidence to establish a genuine issue of material fact; (3) that claimant Byerly has not proven an innocent owner defense; (4) that the government has provided constructive notice of the pendency of this forfeiture action; (5)

that no claimant, other than Byerly and GMAC, has come forward within the time allotted by law for the filing of claims, and (6) that the interests of GMAC have been recognized and settled by agreement. In short, the Court can and should grant summary judgment for the government and against claimant Byerly.

>Respectfully submitted,
>
>Thomas M. DiBiagio
>United States Attorney
>
>
>_____
>Richard C. Kay
>Assistant United States Attorney
>6625 U.S. Courthouse
>101 West Lombard Street
>Baltimore, Maryland 21201
>(410) 209-4850   Bar No. 06766

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on November 21, 2003, a copy of the foregoing Government's Motion for Summary Judgment was mailed first-class, postage prepaid, to:

| | |
|---|---|
| C. Thomas Brown, Esquire | Mark J. Hardcastle, Esquire |
| 205 East Main Street | One Church Street, Suite 802 |
| Elkton, Maryland 21921 | Rockville, Maryland 20850 |

>_____
>Richard C. Kay
>Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **5 JENKINS ROAD, CHESAPEAKE, MD,** | * |
| Defendant, | * |
| | * |
| and | *   CIVIL NO. L-02-3697 |
| | * |
| **WAYNE M. BYERLY** | * |
| Claimant, | * |
| | * |
| and | * |
| | * |
| **GMAC MORTGAGE CORPORATION,** | * |
| Claimant. | * |

...ooOoo...

**ORDER**

Upon review of the government's Motion for Summary Judgment and the pertinent record, it is this _____ day of _____ 200__, **ORDERED, ADJUDGED, AND DECREED** as follows:

1.  The United States of America has provided notice of the pendency of this forfeiture action in accordance with 18 U.S.C. section 985;

2.  The time for the filing of any claim to contest this forfeiture has expired and no claimant, other than Wayne M. Byerly and GMAC Mortgage Corporation, has come forward;

3.  The United States of America has established by a preponderance of the evidence that the defendant property was used

and was intended to be used to commit and to facilitate the commission of drug felonies and is, therefore, forfeitable pursuant to 21 U.S.C. section 881(a)(7);

    4.    Claimant Wayne M. Byerly has not produced evidence to establish a genuine issue of material fact and has failed to allege or prove an innocent owner defense;

    5.    The interests of GMAC Mortgage Corporation have been settled by agreement with the United States;

    6.    The defendant property is condemned and all rights, title, and interest of Wayne M. Byerly, GMAC Mortgage Corporation, and any and all other persons, are hereby forfeited to the United States of America in accordance with the Settlement Agreement that is annexed as **Exhibit C** to the government's motion; and

    7.    The United States Marshal Service shall dispose of the defendant property in accordance with law and in accordance with the Settlement Agreement annexed as **Exhibit C** to the government's motion.

    Benson E. Legg
    United States District Judge