### Declaration in Support of Judicial Forfeiture

I.  **Purpose of the Declaration**

This declaration is submitted in support of a complaint for civil forfeiture pursuant to 18 U.S.C. §985(a), and Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, for the following real property:

**5 Jenkins Road, Chesapeake City, Maryland 21915**

I submit that there is probable cause to believe that this property was used and was intended to be used to commit, and to facilitate the commission of a violation of Title 21, United States Code Section 841, and therefore, should be forfeited to the United States of America pursuant to 21 U.S.C. section 881(a)(7).

II. **Your Affiant**

The name of your affiant is Detective Sergeant Brian K. Reider of the Maryland Department of State Police.

Your affiant has been in law enforcement as a member of the Maryland State Police since July 1986. He is currently an investigator assigned to the Drug Enforcement Command as a member of the Asset Forfeiture Unit. He has conducted countless criminal investigations as a Maryland State Trooper involving the use and distribution of Controlled Dangerous Substances in the State of Maryland. Your affiant has assisted in numerous

criminal investigations which led to search and seizure warrants, which resulted in the successful apprehension and prosecution of the suspects involved. Your affiant has assisted in the preparation and execution of numerous search and seizure warrants.

In the course of your affiant's career as a police officer, he has attended and successfully completed: (1) Maryland State Police Basic Course, Maryland State Police Academy, Pikesville, Maryland where instruction in criminal investigation is given to include recognition and detection of controlled dangerous substances and search and seizure laws; (2) Numerous In-Service Training Seminars conducted by the Maryland State Police and Allied Agencies relating to Criminal Investigation Involving Drug Activity; (3) Basic Drug Traffic Interdiction Training conducted by the Maryland State Police which include topics of Consent Searches, Search Warrants and Case Development; (4) Commercial Drug Interdiction Training conducted by the U.S. Drug Enforcement Administration; (5) Drug Investigators School conducted by the Maryland State Police which included topics such as Search and Seizure Warrant Preparation and Execution, Asset Forfeiture, Covert Investigations and Drug Pharmacology; (6) Criminal Investigators School conducted by the Maryland State Police with topics to include Fourth Amendment Concerns, Search and Seizure Warrants, Informant Development and Case Management.

In addition to the above listed training and education, your affiant has apprehended over 200 suspects for violations of the Controlled Dangerous Substance Laws of the State of Maryland, to

include possession with the intent to distribute Controlled Dangerous Substances. These suspects have been successfully prosecuted in the District, Circuit and Federal Courts.

### III. Probable Cause

The information set forth below is based upon my review of records and upon information provided to me by other sworn law enforcement officers participating in the investigation.

On August 9, 2002 Sgt McDaniel of the Maryland State Police, who is a trained and certified Marijuana observer, was conducting an aerial Marijuana eradication operation when he observed a Marijuana grow in a wooded area off the Little Bohemia Creek in Cecil County, Maryland.

On August 12, 2002 Sgt McDaniel and several other officers traveled to the Marijuana grow location by boat and located approximately fifty(50) Marijuana plants averaging several feet in height growing in a wooded area by the Little Bohemia Creek.

A surveillance operation was initiated for this area which included additional aerial observation when a second plot of suspected Marijuana was located on the opposite side of the creek. Officers subsequently went to the second area by boat and observed approximately fifty(50) additional Marijuana plants. The grow operations at both locations were very similar as both plots of plants were supported by bamboo. On Sunday August 18, 2002 just after 1100 hours, a white male with dark hair(later identified as the suspect, Wayne Byerly) was observed and captured on video tape in the Marijuana grow tending to the

3

plants.

On September 29, 2002 officers were conducting surveillance at 1255 hours when Wayne Martin Byerly, W/M, DOB 09/16/55, SS #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 of 5 Jenkins Road, Chesapeake City, Maryland was observed to travel to the Marijuana grow by boat. Officers on foot near the grow site were able to see Byerly at the grow site and hear him tape up the Marijuana plants with what was believed to be duct tape. Byerly exited the grow at approximately 1354 hours and traveled across the creek by boat to the second marijuana grow site. Officers on foot were able to observe Byerly trim the Marijuana plants before he exited the grow. Constant surveillance was maintained on Byerly as he exited the area by boat until he trailered his boat and returned to his residence at 5 Jenkins Road.

Once the suspect left the area, Officers entered the grow and began to eradicate the Marijuana plants. They eradicated sixty-six(66) high quality marijuana plants at the first site and an additional forty-five(45) Marijuana plants at the second site. The total seizure was 111 Marijuana plants. The plants ranged from eight to fourteen feet in height. The average height was approximately ten feet. As a results of the size of the plants eradicated and my training and experience, these plants were capable of yielding one to three pounds of processed Marijuana each, with a street value well in excess of $200,000. After random samples of the plants were taken and held as evidence, 207.8 pounds of Marijuana was destroyed locally.

On September 29, 2002 Cpl Widdoes of the Cecil County Sheriff's Office and the Cecil County Drug Task Force applied for and was issued a Search and Seizure Warrant for Byerly's residence at 5 Jenkins Road, Chesapeake City, Maryland. The warrant was subsequently executed on September 29, 2002 at 2215 hours. As a result of the search warrant, a 24' by 24' attic space above the garage revealed Marijuana debris from corner to corner laying on the top side of the sheetrock between all of the ceiling joists. It appeared that this area was used in the past to process a large amount of Marijuana and the debris was from "left over" Marijuana that had fallen between every rafter. A further search of the attic revealed a small plastic baggie of processed Marijuana(2.4 grams), a large black trash can that contained 2.2 grams of Marijuana, a Marijuana bud that weighed 2.0 grams and a six foot screen that contained Marijuana residue/debris all over. A search of Wayne Byerly's bedroom revealed a dormer area behind the bedroom wall that contained a black trash can identical to the one located in the attic above the garage. This trash can contained two trash bags that contained 1,914.9 grams or 4.27 pounds of processed Marijuana. A additional search of the dormer revealed a second trash can that contained potting soil and a third trash can that was empty. A further search of the bedroom revealed a clear plastic tube with a red cap that contained suspected hashish oil, a glass vial containing suspected hashish(total weight 43.4 grams), numerous containers of Marijuana seeds, a zip lock baggie containing 6.9 grams of Marijuana, 12 Polaroid photographs showing large

suspected Marijuana grow operations outdoors, 1 Polaroid photograph showing Byerly taking a photograph of himself in the mirror holding a large stack of U.S. Currency and a book "Marijuana Grower's Guide 1997 Revised Edition". A search of the basement revealed three digital scales, a cooler that contained two baggies of suspected Marijuana (total weight 27.1 grams) and a box of 125 zip lock baggies, a baggie of marijuana (5.4 grams), five large boxes of new small vials and a package of black wire ties. The troopers would also note that they observed numerous bamboo stakes and green turkey type wire at the residence that was also observed at the grow sites. A search of the outside shed located on the property revealed a garbage bag that contained four freshly cut Marijuana plants and one loose drying Marijuana plant hanging on a Honda motorcycle. A search of a Grady White boat that was parked next to the shed revealed a bag of biodegradable pots and loose biodegradable pots that were identical to the ones found at the Marijuana grow site.

At the time of the execution of the warrant, the residence was occupied by Wayne Byerly and his wife, Lois Sessa Byerly, W/F, DOB 07/13/1959. As a result of the search warrant, it was obvious that Wayne and Lois resided in separate rooms. All of Wayne's personal items were in one bedroom and Lois Byerly's personal items were in another bedroom. It appeared as they lived in the same house but totally separated. When Officers first entered the residence, Lois appeared to be puzzled by the situation and subsequently asked Wayne what was going on and he replied "I was growing a little Marijuana".

Wayne Byerly was subsequently interviewed by the investigating officers. He advised that he discovered the two Marijuana grow sites on the Bohemia Creek in 2001. He advised that he took over the Marijuana grow, harvested the plants and replanted Marijuana plants in the grow again in 2002. He further advised that he grew one plot of Marijuana in 1981 but stopped until he found the Marijuana grow in 2001. Byerly could not advise how much money he was holding in the Polaroid Money photo located in his bedroom but he thought the picture was taken in 1981. When questioned about the glass vials located in the basement, Byerly replied that he once attempted to make Hasish however, the effort was not productive enough. I subsequently asked Wayne Byerly "How did you smoke all that Marijuana?" and he replied "To be honest with you, I do not smoke that much, I just get rid of it". When I followed up on this statement, he informed me that he sold Marijuana for $150.00 an ounce to people here and there. He later advised that he sold approximately $17,000 worth of Marijuana last year.

Wayne Byerly was arrested and subsequently charged with Unlawful Manufacturing of Marijuana, Possession with the intent to Distribute Marijuana, Possession of Marijuana and Maintaining a Common Nuisance. No charges were filed against Lois Byerly.

Cecil County Land Records reveal that the real property at 5 Jenkins Road, Chesapeake City, Maryland is owned by Wayne M. Byerly. An examination of the deed filed in the Circuit Court for Cecil County, Maryland, dated January 15, 1979 reveals that Wayne M. Byerly purchased the land from E. Earle Dowing Jr. And

Girtrude E. Downing, his wife, and Mark E. Jenkins and Ruth B. Jenkins, his wife, Co-Partners, T/A Downing & Jenkins. An Examination of a Deed of Trust filed in the Circuit Court for Cecil County, Maryland, dated January 25, 1994 reveals Wayne M. Byerly took a mortgage out on the property from GMAC Mortgage Corporation of PA for a value of $45,000.00.

## IV   Conclusion

Based on the foregoing, I submit that there is probable cause to believe that **5 Jenkins Road, Chesapeake City, Maryland, 21915** was used and was intended to be used to facilitate the manufacture, distribution and possession with the intent to distribute Marijuana, a controlled dangerous substance, in violation of 21 U.S.C. Section 841, and is, therefore, forfeitable to the United States pursuant to 21 U.S.C. section 881 (a) (7).

Based on training and experience, I am aware that 21 U.S.C. section 881 (a)(7), authorizes forfeiture of real property that "Is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a (drug felony)." I am also aware that the Fourth Circuit has interpreted this provision to require "a substantial connection between the property and the underlying criminal activity." United States v 7715 Betsy Bruce Lane, Summerfield, N.C., 906 F.2d 110, 112-113 (4th Cir. 1990) In the same case, the Fourth Circuit stated that "a single felony

drug violation... is all that is needed...." Id, at 113. Growing Marijuana and the Distribution of Marijuana are drug felonies. 21 U.S.C. section 841 (a).

I declare, under penalty of perjury as provided in 28 U.S.C. section 1746 that the foregoing is true and correct to the best of my knowledge and belief.

D/Sgt. Brian Reider #2647