IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| 5 JENKINS ROAD<br>CHESAPEAKE CITY, MD<br>    Defendant | * | CIVIL NO. L-02-3697 |
| | * | |
| And | | |
| | * | |
| WAYNE M. BYERLY<br>    Claimant | | |
| | * | |
| And | | |
| | * | |
| GMAC MORTGAGE CORPORATION,<br>    Claimant. | * | |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF WAYNE M. BYERLY'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

    Wayne M. Byerly, Defendant, by undersigned counsel, submits this memorandum in support of his opposition to the Governmant's Motion for Summary Judgment.  Mr. Byerly raises the limited issue that the Motion for Summary Judgment should not be granted because such relief violates the excessive fines clause of the Eight Amendment.

-1-

## Summary of Facts

This forfeiture action arose from a search and seizure of Wayne M. Byerly and Lois S. Byerly's residence located a 5 Jenkins Road in Cecil County, Maryland. The property is titled in Mr. Byerly's name. Criminal charges were filed against Mr. Byerly in the Circuit Court for Cecil County which ultimately terminated with a guilty plea in state court. The State also initiated forfeiture actions in the Circuit Court for Cecil County which included various bank accounts, a boat and trailer, a pick-up truck and 5 Jenkins Road. Those forfeiture actions were subsequently forwarded to the United States Department of Justice, Drug Enforcement Administration for an administrative forfeiture and the state court forfeiture cases were dismissed. As more fully set forth below, as part of a Plea Agreement Mr. Byerly agreed to forfeit the property subject to the above-mentioned forfeiture actions not including 5 Jenkins Road. That property is the subject of this proceeding.

The Government has recently filed for forfeiture of Mr. Bylery's 21' Grady White boat and that matter is pending.

Plaintiff, the United States of America, moved for Summary Judgment upon the basis that 5 Jenkins Road was used and intended to be used to commit and to facilitate the commission of a drug felony in violation of 21 U.S.C. Section 841, and alleged that the Defendant's property was forfeitable to the United States of America pursuant to 21 U.S.C. Section 881 (a) (7). The Government did not seek summary judgment upon the basis that the property was the fruit of or was purchased with proceeds from illegal drug activity.

## Argument

Although Mr. Byerly entered a guilty plea in the Circuit Court for Cecil County, United States v. Bajakajiam, 524 U.S. 321 (1998) requires that a

proportionately review be undertaken with respect to the subject property based on the allegation that this punitive forfeiture is excessive pursuant the Excessive Fines Clause of the Eight Amendment.

Pursuant to Mr. Byerly's guilty plea, he agreed to forfeit the following:

1. 1993 Landau 16 foot boat, ID # LB0633241293 and a 1988 Load Trailer VIN: UPHCNRL11J100006. The Government valued the boat and trailer at $19,700.00.

3. 2000 Chevrolet S-10 Pickup, VIN: 1GCCT19W9Y8240565- value $20,000.00.

4. $54,649.78 from Sun National Bank savings account that was subject to a U.S. Department of Justice Drug Enforcement Administrative Forfeiture.

5. $670.00 in cash

6. Approximately $125,000.00 from County Banking and Trust Company.

A review of the Government's Exhibits clearly indicates that most of the criminal activity resulting in Mr. Byerly's conviction was at a location other than 5 Jenkins Road. The "grow area" was located approximately 5 miles from 5 Jenkins Road that required a car and boat to access that area.

A forfeiture under § 881(a) (7) is limited by the Eighth Amendment's Excessive Fines Clause. Austin v. United States, 509 U.S. 602, 622 (1993). In United States v. Bajakajian, 524 U.S. 321 (1998), the Supreme Court established the standard for evaluating challenges under the Excessive Fines Clause: "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." Id. at 334. Although Bajakajian involved a criminal forfeiture, the Court had previously concluded that civil forfeitures fall within the scope of

the Eighth Amendment. See Hudson v. United States, 522 U.S. 93, 103 (1997).

In Bajakajian, the Court formulated the analytical framework for determining whether a punitive forfeiture is unconstitutionally excessive. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality [.]" Id. at 334. "[T]he courts….must compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." Id. at 336-37 (emphasis added) (footnote omitted).

When examining the proportionality of a forfeiture to the gravity of the offense, the court is not required to consider "any rigid set of factors." United States v. Mackby, 339 F.3d 1013, 1017 (9th Cir. 2003). Nevertheless, court's has often looked to "factors similar to those used by the Court in Bajakajian." Id. In Bajakajian, the Supreme Court considered four factors in weighing the gravity of the defendant's offense: (1) the nature and extent of the crime, (2) whether the violation was related to other illegal activities, (3) the other penalties that may be imposed for the violation, and (4) the extent of the harm caused. See Bajakajian, 524 U.S. at 337-40.

In reference to other penalties that could have been imposed on Mr. Byerly for his criminal violation, the maximum penalty in State Court was four years imprisonment and/or a $5,000.00 fine.  Viewing that in light of the fact that Mr. Byerly has already forfeited over $200,000.00 worth of assets, the additional forfeiture of 5 Jenkins Road, with an assessed value of $180,000.00, and a fair market value of $250,000.00 is grossly disproportional to the gravity of Mr. Byerly's offense.

WHEREFORE, for the reasons set forth herein, it is respectfully requested that this Court deny the Government's Motion for Summary Judgment.

/s/ C. Thomas Brown
C. Thomas Brown
205 East Main Street
Elkton, Maryland 21921
(410) 398-3850

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 28, 2004 that a copy of the foregoing was sent via electronic mail and by first class mail, postage prepaid to Richard C. Kay, Esquire, Assistant United States Attorney, United States Courthouse, 101 W. Lombard Street, Baltimore, MD 21202.

/s/ C. Thomas Brown
C. Thomas Brown