Rck

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
|     **Plaintiff,** | * |
| | * |
|     v. | * |
| | * |
| **5 JENKINS ROAD, CHESAPEAKE, MD,** | * |
|     **Defendant,** | * |
| | * |
|     and | *  CIVIL NO. L-02-3697 |
| | * |
| **WAYNE M. BYERLY** | * |
|     **Claimant,** | * |
| | * |
|     and | * |
| | * |
| **GMAC MORTGAGE CORPORATION,** | * |
|     **Claimant.** | * |

...oo0oo...

**GOVERNMENT'S REPLY TO CLAIMANT'S OPPOSITION**
**TO GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, the United States of America, through undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submits this reply to the claimant's opposition to the government's motion for summary judgment. Because the forfeiture is not an excessive fine, the government's motion should be granted.

As the Court indicated in the order dated October 4, 2004, the grant of summary judgment in favor of the government, entered on July 20, 2004, has been reopened for the limited purpose of considering the Eighth Amendment Excessive Fines issue raised by the claimant. On or about October 28th, the claimant filed his

memorandum asserting that the forfeiture constitutes an excessive fine.

As the claimant acknowledged in the excessive fines memorandum, claimant Wayne Byerly entered a plea of guilty in Cecil County to knowingly possessing marijuana with intent to distribute. As the government established in the summary judgment motion, the facts supporting that guilty plea are the same as the facts that support the forfeiture in this case.

The claimant suggests that the forfeiture of 5 Jenkins Road is excessive when its value is aggregated with the value of other property already forfeited. Because the other property was forfeited as proceeds of the criminal offense, it cannot be counted for purposes of the excessive fines analysis. In addition, because the maximum fine allowed by the pertinent federal statute is $1,000,000, the forfeiture of net equity worth less than $250,000 cannot be excessive.

A forfeiture is subject to an excessive fines analysis under the Eighth Amendment. <u>Austin v. United States</u>, 509 U.S. 602, 622 (1993). A forfeiture is excessive if "it is grossly disproportional to the gravity of the defendant's offense." <u>United State v. Bajakajian</u>, 524 U.S. 321, 334 (1998).

The party challenging the constitutionality of the forfeiture has the burden of demonstrating excessiveness. <u>United States v. Ahmad</u>, 213 F.3d 805, 815-16 (4th Cir. 2000). Thus, claimant Byerly must prove that the forfeiture is grossly disproportional to the

gravity of the underlying offense.

As is mentioned above, the claimant suggests that the aggregate value of several, related, forfeited items, including the defendant real property, is excessive when measured against the gravity of the marijuana manufacturing and distribution offenses. He points to the forfeiture of the following property:

> one 1993 Landau 16 foot boat and trailer, valued at $19,700;
> one 2000 Chevrolet S-10 pickup truck, valued at $20,000;
> $54,649.78 from a Sun National Bank account;
> $670 in cash seized from him; and
> $10,000 from a County Banking and Trust account.[1]

The total of all of these is approximately $105,019.78.  Attached hereto as **Exhibit A** is a copy of the broker's price opinion prepared for the U.S. Marshals Service pertaining to the defendant real property.  It indicates an estimated market value of $220,000. Annexed as an exhibit to the government's Motion for Summary Judgment is a copy of the settlement agreement with the lienholder bank that indicated an unpaid principle on the mortgage of $22,853.50.  When this is subtracted from the market value, it is apparent that the net equity value of the real property is approximately $200,000.

When this net equity in the defendant real property is added to the value of the other assets, the total would be $305,019.78. The claimant suggests that this amount is excessive when measured against the gravity of his offense.   In order to make this

---

[1] The claimant refers to $125,000 seized in this County Banking and Trust account. However, all but $10,000 in this account was released to the claimant's wife after she demonstrated that nearly all of the contents were traceable to non-drug-related sources.

argument, the claimant asserts that the maximum fine for the state offense is only $5,000. Opposition at 4.  However, this is a federal forfeiture case, and the state fine is irrelevant. Because the total asset value and the maximum fine are both incorrect in the claimant's opposition memorandum, the claimant's analysis is faulty.

First, all but the real property were forfeited as proceeds traceable to the drug trafficking.  This is readily apparent as to the cash and the funds in the two bank accounts.  The boat and trailer and the pickup were also forfeited because they were purchased with the proceeds of marijuana sales.  This is important because the Fourth Circuit has held that the forfeiture of the proceeds of crime "cannot be excessive." United States v. Wild, 47 F.3d 669, 675-76 (4th Cir. 1995).  In addition, "[p]roperty into which a defendant has invested proceeds from the crime also may be forfeited as proceeds." United States v. Borromeo, 1 F.3d 219, 221 (4th Cir. 1993).  If the forfeiture of proceeds can never be excessive, then the proceeds listed above cannot be added to the value of the defendant real property to establish an aggregate excessive fine. Consequently, the total value of the forfeiture is not $305,019 as the claimant suggests, but it is rather the $200,000 net equity in the real property after the mortgage is satisfied.

The claimant then balances the forfeiture amount against the potential fine for the state court offense.  The proper potential

fine, however, is connected with the underlying federal criminal offense, not a state offense.

Here, the Verified Complaint for Forfeiture expressly alleged that the property was used to facilitate the commission of a drug felony as follows:

> The defendant property was used and was intended to be used to commit and to facilitate the commission of a violation of 21 U.S.C. section 841 ....

As was established in the government's motion for summary judgment, the evidence demonstrated that the property was used to process and to prepare marijuana to sell to others. This constitutes manufacturing and distribution in violation of 21 U.S.C. section 841(a).

The property is forfeitable pursuant to 21 U.S.C. section 881(a)(7) if, <u>and only if</u>, it was used to facilitate the commission of a violation of the <u>federal</u> drug statute, section 841. There is no provision to forfeit property for violation of a state drug offense.

The potential fine for a violation of section 841(b)(1)(C) for manufacturing and distributing more than 50 marijuana plants is $1,000,000.[2] Here, the Reider Declaration annexed to the motion for summary judgment, established at page 4 that "the total seizure was 111 marijuana plants." Consequently, even under the claimant's analysis, the forfeiture of the defendant property, worth

---

[2] A lesser penalty applies under section 841(b)(1)(D) if the case involves less than 50 marijuana plants "regardless of weight."

approximately $200,000, is not excessive in light of the potential fine of $1,000,000.  It is apparently settled law in the Fourth Circuit that the Excessive Fines analysis turns on the maximum statutory penalty that could have been imposed for the underlying offense. United States v. Bollin, 264 F.3d 391, 418 (4${}^{th}$ Cir. 2001). See also United States v. Ownby, 926 F.Supp. 558, 563 (W.D.Va. 1996).

Indeed, the Fourth Circuit recognized that the proper Eighth Amendment analysis should consider "the nature and extent of the criminal activity, its relation to other crimes, its penalties, and the harm it caused." Ahmad, 213 F.3d at 813.  Here, all of these factors are accounted for in the level of offense under section 841, which addresses drug trafficking offenses and also provides natural divisions of severity based on the type of drug and amount involved.  For example, 1000 kilograms of marijuana falls under section 841(b)(1)(A) and yields the most serious sentence, with a maximum of life in prison and a fine of up to $4 million.  In comparison, 100 kilograms of marijuana falls under section 841(b)(1)(B) and yields a sentence maximum of 40 years in prison and a $2 million fine.

Here, the 111 marijuana plants bring the underlying offense under section 841(b)(1)(C), which yields a maximum fine of $1 million.  Thus, "the nature and extent of the criminal activity" are reflected in the maximum fine of $1 million, which is far less than the fines applicable for greater amounts of marijuana.

In sum, because there is no way to evaluate the defendant property or any related forfeited property in a manner so that it could exceed the $1 million applicable potential fine, the forfeiture in this case cannot possibly be grossly disproportional to the gravity of the underlying offense. Consequently, the claimant has failed to prove that the forfeiture constitutes an Excessive Fine in violation of the Eighth Amendment.

## Conclusion

Based on the record, the Court can and should find that the forfeiture does not constitute an Excessive Fine in violation of the Eighth Amendment.

                              Respectfully submitted,

                              Thomas M. DiBiagio
                              United States Attorney

                              _//s//_____
                              Richard C. Kay
                              Assistant United States Attorney

                              6625 U.S. Courthouse
                              101 West Lombard Street
                              Baltimore, Maryland 21201
                              (410) 209-4850   Bar No. 06766

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on November 1, 2004, a copy of the foregoing Government's Reply to the Claimant's Opposition to the Government's Motion for Summary Judgment was mailed first-class, postage prepaid, to:

| | |
|---|---|
| C. Thomas Brown, Esquire<br>205 East Main Street<br>Elkton, Maryland 21921 | Mark J. Hardcastle, Esquire<br>One Church Street, Suite 802<br>Rockville, Maryland 20850 |

                              _//s//_____
                              Richard C. Kay
                              Assistant United States Attorney