IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff, | * * * | |
| v. | * * | |
| 5 JENKINS ROAD, CHESAPEAKE,<br>MARYLAND etc.<br>      Defendant, | * * * * | CIVIL NO. L-02-3697 |
| and | * * | |
| WAYNE M. BYERLY,<br>      Claimant, | * * * | |
| and | * * | |
| GMAC MORTGAGE CORPORATION,<br>      Claimant. | * * | |

...ooOoo...

## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and between **WAYNE M. BYERLY** ("the claimant") and GMAC Mortgage Corporation ("GMAC Mortgage"), and the United States of America ("the government"):

**WHEREAS,** this case was initiated by the filing of a Verified Complaint for Forfeiture on or about November 12, 2002, which, the government submits, sets forth reasonable cause to believe that the defendant property is forfeitable pursuant to 21 U.S.C. section 881(a)(6) and (7); and

**WHEREAS,** land records for Cecil County indicate that the defendant property was owned by the claimant at the time that the case was initiated; and

**WHEREAS,** by memorandum and order dated February 16, 2006, in the above-captioned cases, the Court granted the government's

— EXHIBIT B —

motion for summary judgment and forfeited the property to the United States of America; and

**WHEREAS**, a payoff statement dated February 28, 2006, pertaining to the GMAC Mortgage loan indicates a payoff amount of $11,974.93; and

**WHEREAS**, the parties wish to reach a fair disposition of the defendant property;

**NOW, THEREFORE**, for the foregoing reasons and for good and substantial consideration, the adequacy and receipt of which is hereby acknowledged, the claimant, GMAC Mortgage, and the government agree as follows:

1. The parties agree that a copy of this agreement shall be submitted to the Court in support of a motion for an amended final order of forfeiture that conforms to the terms of this agreement.

2. (a) The claimant agrees to pay a total of $208,000 to the government no later than 60 days after the date that government counsel signs this agreement, and payment shall be made by a certified check or an official bank check sent to undersigned counsel at the United States Attorney's Office, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201, and made payable to the U.S. Marshals Service.[1]

   (b) The parties agree that the government's receipt of the total amount described in paragraph 2(a) shall be a condition

---

[1] This amount is based on an agreed market value of 5 Jenkins Road of $220,000, minus $12,000 for the value of the GMAC Mortgage loan balance.

2

precedent to the government's requirement to file a release of the lis pendens in accordance with paragraph 3.

(c) If the payment by the claimant to the government in accordance with this paragraph is late, the claimant agrees to pay interest on the due payment at the annual rate of 10%. If the total payment, plus any interest, is not delivered to the government within 180 days after the date of government counsel's execution of this agreement, then the claimant agrees that the government may dispose of the defendant property as forfeited property to the United States. In the event of a disposition of the defendant property pursuant to this 180 day default clause, the claimant agrees to pay a penalty to the United States in the amount of $20,000, and agrees that the Court may issue a money judgment in favor of the government for that amount.

3. The government agrees to release 5 Jenkins Road and to file a release of the lis pendens that was filed in Cecil County upon government counsel's receipt of the total amount described in paragraph 2(a).

4. The parties agree that the total amount described in paragraph 2 shall be treated as the defendant property in this case for all purposes including jurisdiction and disposition, in accordance with 19 U.S.C. section 1613(c). The government agrees that a final order of forfeiture as to the substitute defendant property shall operate as a final order as to the defendant property for estoppel purposes based on the allegations in the Verified Complaint.

5. The claimant agrees to forfeit all rights, title, and interest in the substitute defendant funds described in paragraph 2.

6. The claimant agrees to indemnify and hold the government harmless from and against all claims, damages, losses, and action resulting from or arising out of this forfeiture action.

7. Each party agrees to bear its own costs and attorney's fees in pursuing and defending the forfeiture.

8. The claimant agrees that any and all properly recorded mortgage notes and deeds of trust between the claimant and any other entity, including GMAC Mortgage, pertaining to the defendant property shall continue in full force and effect until satisfied.

9. This agreement states the entire agreement reached between the parties hereto.

Rod J. Rosenstein
UNITED STATES ATTORNEY

June 16, 2006
Date

Richard C. Kay
Assistant United States Attorney
Attorney for Plaintiff
United States of America

_____
Date

For GMAC Mortgage

Mark Hardcastle
Counsel for GMAC Mortgage

August 28/06
Date

WAYNE M. BYERLY

August 28, 2006
Date

C. Thomas Brown, Esquire
Attorney for **WAYNE M. BYERLY**

4